```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL MARCUS,

                    Plaintiff,
                                                  ORDER
          -against-                               11-CV-4049(JS)(WDW)


NEW YORK STATE DIVISION OF PAROLE,
CEDRICK BUSH, Supervisor Parole
Officer, in his official and
individual capacity, BURNS, Parole
Officer in his official and individual
capacity, SPENCE, Parole Officer in
his official and individual capacity,

                    Defendants.
----------------------------------------X
APPEARANCES:
FOR Plaintiff:      Michael Marcus, Pro Se
                    10-A-6009
                    Upstate Correctional Facility
                    P.O. Box 2000
                    309 Barehill Road
                    Malone, NY 12953

For Defendants:     No Appearance.
```

SEYBERT, District Judge:

On August 2, 2011, incarcerated pro se plaintiff Michael Marcus ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against the New York State Division of Parole and Parole Officers Bush, Burns and Spence (collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED and the Court orders service of the Complaint without prepayment of the filing fee on Defendants Bush and Spence in their individual capacities. However, for the

reasons that follow, the Complaint is sua sponte dismissed as against Defendant New York State Division of Parole and the individual parole officers sued in their official capacities as well as against Defendant Burns in his individual capacity.

## BACKGROUND

According to the Complaint, on January 16, 2002, Plaintiff pled guilty to Robbery in the Third Degree, P.L. § 160.15, and was sentenced to a term of incarceration of thirty (30) months to five (5) years. (Compl. at page 2). Plaintiff alleges that he was conditionally released to New York State Division of Parole on June 26, 2006. (Id.). On August 13, 2006, Plaintiff explains that he violated parole and was re-incarcerated until his March 14, 2008 release to the supervision of the New York State Division of Parole. (Id. at pages 2-3). Plaintiff describes that he had been reporting to Defendant Burns without incident until August 18, 2009. (Id. at page 3). On that date, Plaintiff alleges that upon his arrival at the Division of Parole in Hempstead, New York, for his scheduled visit, he was advised that Defendant Burns would not see Plaintiff that day and, instead, Burns' partner, Defendant Spence, would meet with Plaintiff. (Id.). Plaintiff alleges that Defendant Spence escorted Plaintiff to a "cubicle office" where he ordered Plaintiff to empty his pockets and place his hands on the wall. (Id.). Plaintiff complied and was then "pat frisked" by Defendant Spence. (Id.). Plaintiff claims that

he asked Defendant Spence "if anything was wrong" and Defendant Spence responded "no." (*Id.*). Nonetheless, Defendant Spence is alleged to have then handcuffed Plaintiff's hands behind his back. Plaintiff claims that Defendant Spence advised Plaintiff that Plaintiff was not under arrest and that he was not in violation of parole. Plaintiff claims that he was then placed in a holding cell and was handcuffed to a bench railing. (*Id.* at page 4). Plaintiff alleges that Defendant "Supervisor Parole Officer" Bush then spoke with Plaintiff and advised Plaintiff that police officers from the N.Y.P.D. 105th precinct were on their way over to speak with Plaintiff. (*Id.*). Plaintiff claims that shortly thereafter he was transported to the N.Y.P.D. 105th precinct and placed in a line-up identification that resulted in his arrest and arraignment on various, unspecified criminal charges. (Id.).

As a result of the foregoing, Plaintiff claims pursuant to Section 1983 that his due process rights were violated as well as his right to be free from unreasonable searches and seizures. (*Id.* at page 7). Plaintiff further claims that he was arrested without probable cause or a warrant in violation of his Fourth Amendment rights. (*Id.*). Plaintiff also claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated because he was denied access to a telephone, food and the bathroom during his detention by the New York State Division of Parole and its employees. As a result, Plaintiff seeks an award of

of $500,000.00.  (Id. at page 9).

## DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  The Court is required to dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S.

4

Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

> Section 1983 provides that
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142

5

(2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

    A.    <u>Claims Against the New York State Division of Parole and Defendants Bush, Burns and Spence in their Official Capacities</u>

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law

>     or equity, commenced or prosecuted against one
>     of the United States by Citizens of another
>     State, or by Citizens or Subjects of any
>     Foreign State.

U.S. CONST. amend. XI.  "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ."  State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (quoting W. Mohegan Tribe & Nation v. Orange County, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original).  Eleventh Amendment immunity also extends to suits for money damages against state officials in their official capacities.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.") (internal citation omitted); McNamara v. Kaye, No. 06-CV-5169 (DLI)(CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[Lawsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state.").[1]

---

[1] A narrow exception to this rule exists for official-capacity suits against state officers seeking prospective injunctive relief.  See Will, 491 U.S. at 71, n. 10.  Given that Plaintiff does not seek any prospective injunctive relief against any state Defendant in his official capacity, the exception has no application here.

Here, Plaintiff's Section 1983 claims for money damages against the state Defendants in their official capacities are clearly barred by the Eleventh Amendment and therefore are not plausible. Accordingly, such claims are dismissed with prejudice.

B. <u>Claims Against Defendants Bush, Burns and Spence in their Individual Capacities</u>

In order for a plaintiff to state a claim for relief under Section 1983, he must allege the personal involvement of a defendant in the purported constitutional deprivation. <u>Farid v. Ellen</u>, 593 F.3d 233, 249 (2d Cir. 2010) (citing <u>Farrell v. Burke</u>, 449 F.3d 470, 484 (2d Cir. 2006)). The Supreme Court held in <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Id.</u> A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. <u>See</u> <u>Johnson v. Barney</u>, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010).

Here, Plaintiff does not allege any wrongful conduct by Defendant Burns. The only allegations against this Defendant are that he had "been reporting to P.O. Burns without any problems" until August 18, 2009 and that on that date, Plaintiff did not see P.O. Burns. The only other allegation concerning Defendant Burns

8

is that Defendant Spence and Defendant Burns are partners. Given the absence of any allegations of unconstitutional conduct by Defendant Burns, Plaintiff's Section 1983 claims against Defendant Burns are not plausible and are dismissed.

With regard to Defendants Bush and Spence, though thin, the Court declines to find at this stage that Plaintiff's constitutional claims against Defendants Bush and Spence in their individual capacities are implausible. Accordingly, the Court directs service of the Summons and Complaint upon Defendants Bush and Spence in their individual capacities.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed as against the New York State Division of Parole and Defendants Bush, Burns and Spence in their official capacities and as against Defendant Burns in his individual capacity pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendants Bush and Spence in their individual capacities, without prepayment of the filing fee. Furthermore, the Clerk must mail a copy of this Order to the Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

<u>/s/ JOANNA SEYBERT       </u>
Joanna Seybert, U.S.D.J.

Dated:  September <u> 26 </u>, 2011
        Central Islip, New York