```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL MARCUS,

                        Plaintiff,

            -against-                        MEMORANDUM & ORDER
                                             11-CV-4049(JS)(WDW)
FREDERICK BUSH, Supervisor Parole
Officer, in his individual capacity,
and SPENCE, Parole Officer, in his
individual capacity,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Michael Marcus, pro se
                    895-12-01654
                    AMKC Rikers Island
                    18-18 Hazen Street
                    East Elmhurst, NY 11370

For Defendants:     Toni E. Logue, Esq.
                    New York State Office of the
                         Attorney General
                    200 Old Country Road, Suite 240
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Presently pending before the Court is Defendants Supervisor Parole Officer Frederick Bush ("Bush") and Parole Officer Spence's ("Spence" and together, "Defendants") second motion to dismiss pro se Plaintiff Michael Marcus's ("Plaintiff") Complaint. For the following reasons, Defendants' motion is GRANTED.

BACKGROUND

I. Factual Background

The factual background of this case is set forth in more detail in the Court's Orders dated September 26, 2011 (the "September 2011 Order," Docket Entry 5) and August 10, 2012 (the "August 2012 Order," Docket Entry 16), with which the Court presumes familiarity. Briefly, Plaintiff alleges that during a scheduled visit to the New York State Division of Parole ("Parole Division") on August 18, 2009, Plaintiff met with Defendant Spence. (Compl. at 3.) Spence, however, was not Plaintiff's assigned parole officer as the assigned parole officer, Parole Officer Burns, was not available. (Compl. at 3.) Spence took Plaintiff to a cubicle, "pat frisk[ed]" him, and handcuffed him. (Compl. at 3.)

At approximately 7:00 p.m., Plaintiff was placed into a holding cell and handcuffed to a bench railing. (Compl. at 4.) Defendant Bush spoke with Plaintiff and informed him that detectives from the New York Police Department, 105th Precinct were on their way to speak with Plaintiff. (Compl. at 4.) Plaintiff asked to speak to an attorney, but Bush responded that the detectives would speak to Plaintiff and decide whether he could call counsel. (Compl. at 4.) Approximately one hour later, New York Police Department officers transported Plaintiff

to the 105th Precinct and placed Plaintiff in a line-up that led to his arrest. (Compl. at 4.)

Plaintiff asserts civil rights claims under Section 1983 of Title 42 of the United States Code ("Section 1983"). He alleges (1) unreasonable search and seizure; (2) false arrest; and (3) an Eighth Amendment claim that he was subjected to cruel and unusual punishment when he was denied access to a telephone, food, and the bathroom at the Parole Division.

II. Procedural Background

Plaintiff initially commenced this action on August 2, 2011 against Defendants Bush and Spence as well as Parole Officer Burns and the Parole Division. Upon commencement of this action, Plaintiff simultaneously moved for leave to proceed in forma pauperis. (Docket Entry 2.)

In the September 2011 Order, the Court granted Plaintiff in forma pauperis status but sua sponte dismissed Plaintiff's claims against (1) the Parole Division, (2) the parole officers in their official capacities, and (3) Defendant Burns in his individual capacity. (September 2011 Order at 2.) The Court left intact Plaintiff's claims against Defendants Bush and Spence in their individual capacities.

Shortly thereafter, however, Defendants Bush and Spence moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint. (First Mot. to Dismiss, Docket

3

Entry 11.) Notably, Bush and Spence did not address Plaintiff's unreasonable search or Eighth Amendment claims, and therefore the Court did not consider them. Rather, Bush and Spence argued that Plaintiff's Complaint was deficient under Federal Rules of Civil Procedure 8 and 10 and that Plaintiff's eventual conviction of the crimes for which he was arrested barred his false arrest claim.

In the August 2012 Order, the Court held that the Complaint met minimal pleading standards. Further, the Court denied Defendants' motion to dismiss Plaintiff's false arrest claim because Defendants had not supplied any evidence of Plaintiff's conviction. Thus, although a valid conviction for the crime for which a plaintiff is arrested is conclusive evidence of probable cause defeating a false arrest claim, Defendants had merely asserted conviction and did not adequately make out a defense. (August 2012 Order at 5-6.) In the conclusion of the August 2012 Order, the Court noted that it would entertain a subsequent motion on this issue.

## DISCUSSION

Defendants' second motion, again seeking dismissal, argues that Plaintiff has failed to state a claim upon which relief may be granted as to Plaintiff's claims for unreasonable search and seizure, false arrest, and violation of the Eighth Amendment. Defendants also assert that, even if any of

4

Plaintiff's claims survive, Defendants are entitled to qualified immunity. The Court will first address the applicable standard of review before turning to the Defendants' motion.

I. Standard of Review

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b). See Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005). In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Furthermore, in deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

I. False Arrest

In response to the Court's August 2012 Order, Defendants move for judgment on the pleadings seeking dismissal of the false arrest claim, this time providing a certificate of disposition. (Logue Decl., Docket Entry 20-1, Ex. B.) As previously noted, the Court may consider matters of which it can take judicial notice, such as a certificate of disposition. C.f. Shmueli v. City of N.Y., 424 F.3d 231, 233 (2d Cir. 2005) ("The New York State . . . prosecution of Shmueli is a matter of public record, of which we take judicial notice."); Gibson v. City of N.Y., No. 96-CV-4958, 1998 WL 960303, at *3 (E.D.N.Y. Dec. 9, 1998) ("[T]his court may take judicial notice of the

appeal for the limited purpose of recognizing that the subject matter is plaintiff's criminal conviction for robbery.").

The certificate of disposition makes clear that Plaintiff was arrested on August 18, 2009, the date that Plaintiff frequented the Parole Division, and that he was convicted of Robbery in the Second Degree, Burglary in the First Degree, and Grand Larceny in the Third Degree. (Logue Decl. Ex. B.) As the Court noted in its August 2012 Order, probable cause is a complete defense to a false arrest claim, and a valid conviction is conclusive evidence of probable cause. (August 2012 Order at 5-6 (citing Covington v. City of N.Y., 171 F.3d 117, 122 (2d Cir. 1999) and Cameron v. Fogerty, 806 F.2d 380, 386 (2d Cir. 1986)).)

Accordingly, Plaintiff's false arrest claim is DISMISSED.

II. Unreasonable Search and Seizure

Plaintiff also alleges that Defendant Spence took Plaintiff to a "cubicle office," asked Plaintiff to empty his pockets, and then conducted a "pat frisk" of Plaintiff. (Compl. at 3.) As a result, Plaintiff claims that Defendants violated Plaintiff's Fourth Amendment right against unreasonable search and seizure. The Court disagrees.

The Fourth Amendment protects against "unreasonable government intrusions into . . . legitimate expectations of

privacy." United States v. Chadwick, 433 U.S. 1, 7, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977), overruled on other grounds by California v. Acevedo, 500 U.S. 565, 111 S. Ct. 1982, 114 L. Ed. 2d 619 (1991). "[P]arolees," however, "possess diminished Fourth Amendment protections . . . and [federal courts] have linked the reasonableness of those searches to the needs of parole supervision." Hope v. Goines, No. 00-CV-3476, 2002 WL 2003201, at *3 (E.D.N.Y. Aug. 8, 2002); see also United States v. Pabon, 603 F. Supp. 2d 406, 415 (N.D.N.Y. 2009) ("Pabon, because of his status as a parolee, has a diminished expectation of privacy."). "In other words, the conduct in question must be rationally related in the circumstances to the parole officer's duty." Moore v. Vega, 371 F.3d 110, 116 (2d Cir. 2004).

"[P]arole officers have a duty 'to investigate whether a parolee is violating the conditions of his parole, . . . one of which, of course, is that the parolee commit no further crimes.'" United States v. Barner, 666 F.3d 79, 85 (2d Cir. 2012) (quoting United States v. Reyes, 283 F.3d 446, 459 (2d Cir. 2002)). Here, Defendants had reason to believe that Plaintiff may have violated his parole and potentially had been involved in additional crimes due to information from the 105th Precinct. Thus, searching Plaintiff and holding Plaintiff until detectives from the 105th Precinct arrived was reasonably related to their duties as parole officers. See id. at 85

(search of parolee did not violate Fourth Amendment where officer had information that parolee may have committed additional crimes); Pabon, 603 F. Supp. 2d at 416 ("[T]he search did not violate Pabon's rights because it was based on a parole warrant since he was known to be in violation of his parole."); United States v. Watts, No. 104-CR-1277, 2005 WL 2738948, at *2 (S.D.N.Y. Oct. 21, 2005) ("Courts have often found a reasonable relation where parole or probation officers conducted a search after learning of some potential violation by the parolee.").

Additionally, the facts of this case further undermine Plaintiff's Fourth Amendment claim. A "pat frisk," such as Plaintiff alleges here, is a "relatively minor" intrusion. Hope, 2002 WL 2003210, at *2. Moreover, the search took place during a regularly scheduled parole visit, a time during which Plaintiff's reasonable expectation of privacy was particularly diminished. Id. at *7 ("Hope's legally cognizable expectation of privacy [during parole meeting] was greatly reduced. As the Second Circuit has stated in a similar case, '[t]he expectation of a parolee in a parole officer's office would be at its lowest ebb.'" (quoting United States v. Thomas, 729 F.2d 120, 123-24 (2d Cir. 1984))).

Accordingly, Defendants' motion to dismiss Plaintiff's Fourth Amendment claim is GRANTED, and this claim is DISMISSED.

9

III. Eighth Amendment

Finally, Defendants also move to dismiss Plaintiff's Eighth Amendment claim. Plaintiff alleges that Defendants violated his Eighth Amendment right to be protected from cruel and unusual punishment when they detained Plaintiff and denied him food and access to a telephone or bathroom. (Compl. at 8.)

As Defendants correctly note, Plaintiff's claims involve pretrial detention, and therefore should be evaluated under the Fourteenth Amendment rather than the Eighth Amendment. See Rush v. Astacio, 159 F.3d 1348, 1998 WL 480751, at *1 (2d Cir. July 31, 1998) ("[T]he Eighth Amendment does not apply to pretrial detainees like Rush."). The "constitutional standard by which the legality of conditions of confinement for pretrial detainees is to be measured . . . is whether the conditions amount to 'punishment' without due process in violation of the Fourteenth Amendment." Lareau v. Manson, 651 F.2d 96, 102 (2d Cir. 1981). "Allegations that defendants have denied a detainee access to basic human needs such as food or shelter are evaluated under the deliberate indifference standard . . . ." Cruz v. Reiner, No. 11-CV-2131, 2011 WL 6204101, at *4 (E.D.N.Y. Dec. 12, 2011). Accordingly, the standard is essentially the same under the Eighth and Fourteenth Amendments, and there must be both an objective element that the conditions "fell below the 'minimal civilized measure of life's necessities'" and a

subjective element that the defendants were deliberately indifferent. Id.; see Williams v. Carbello, 666 F. Supp. 2d 373, 378 (S.D.N.Y. 2009).

Under this standard, Plaintiff's claim clearly fails. The conditions of which Plaintiff complains persisted for approximately one hour. Although deprivation of necessities such as food and bathroom privileges may be a constitutional violation, see Hodge v. Ruperto, 739 F. Supp. 873, 876 (S.D.N.Y. 1990), the temporal relationship is key, see Pascual v. Fernandez, No. 11-CV-7075, 2013 WL 474292, at *4 (S.D.N.Y. Jan. 29, 2013). Lack of food or access to a bathroom for a period of approximately one hour simply does not rise to the level of a constitutional deprivation. See Dzwonczyk v. Syracuse City Police Dep't, 710 F. Supp. 2d 248, 269 (N.D.N.Y. 2008) (lack of food and water overnight was not a constitutional violation); Bourdon v. Roney, No. 99-CV-0769, 2003 WL 21058177, at *11 (N.D.N.Y. Mar. 6, 2003) (three hour period without bathroom privileges and water was not a constitutional violation). Furthermore, "there is . . . no constitutional requirement that a detainee be permitted a telephone call . . . ." Hodge, 739 F. Supp. at 876. Thus, Defendants did not deprive Plaintiff of his Fourteenth Amendment constitutional rights either in denying him permission to call counsel or depriving him of access to food and restroom facilities for a one hour period.

In addition, the Complaint does not contain any allegations regarding a subjective intent on the part of Defendants to punish Plaintiff. Rather, the Complaint alleges that "[t]he motive of the defendant's conduct is clear, to detain, arrest, seize and hand over the plaintiff to law enforcement official [sic] related to an investigation." (Compl. at 8.) While that allegation may be true, there is nothing in the Complaint to suggest that Plaintiff was being "punished" in any way.

Defendants' motion to dismiss Plaintiff's claim for "cruel and unusual punishment" is GRANTED and this claim is DISMISSED.

As the Court finds that Plaintiff has failed to state a claim, it will not address Defendants' additional argument regarding qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Complaint is DISMISSED in its entirety.

Counsel for Defendants is ORDERED to serve a copy of this Memorandum and Order on pro se Plaintiff and to file proof of service within three days of the date of this Memorandum and Order.

The Clerk of the Court is directed to terminate all pending motions and mark this matter CLOSED.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purposes of any appeal. See Cooperidge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __17__, 2013
       Central Islip, NY